Howry, J.,
delivered the opinion of the court:
Plaintiff, a Belgian corporation transacting business in the Philippine Islands, sued in this court to recover damages arising out of a claim for delay on the part of the defendants in unloading a cargo of coal agreed to be carried by plaintiff for the use of the defendants from Manila to Zamboanga. The cause was heard by a full bench some two years or more ago and the petition was unanimously directed to be dismissed. Thereupon plaintiff filed its motion for a new trial, and, the case being again argued and considered, findings of fact and conclusion of law were made with the direction that judgment be entered for the corporation in the sum stated in the report of the case. (47 C. Cls. R.., 328.)
The action was for demurrage upon the theory that if the bill of lading (which stipulated that “ no demurrage ” be paid) did. not truly and correctly state the contract that the same be re-formed, so that it should more correctly and truly represent the agreement between the parties.
But defendants, being satisfied with the result, filed their motion in turn for a new trial for the reasons (1) that the facts set forth in the findings of the court were not established by the evidence; (2) that the court erred in its conclusion of law, inasmuch as the facts disclosed by the record demonstrated that plaintiff was not entitled to recover for any amount.
The court rendered the judgment now sought to be set aside upon the finding that, notwithstanding the bill of lading stipulated that no demurrage be claimed or paid, nevertheless it was disclosed that a contemporaneous telegram was sent by the quartermaster consignor to another quartermaster, who was the consignee, directing the latter to be ready to unload the coal promptly, and that the telegram should be taken in connection with the bill of lading, thereby constituing an implied agreement that reasonable diligence be exercised in the discharge of the cargo. Then, upon the view taken by the majority of the evidence in the case, the writer of this opinion, as well as of the former opinion, not *474 concurring on the basic question of fact, the court made its finding that there was unreasonable delay in taking off the coal from .plaintiff’s vessel after the work of unloading actually began.
This finding upon which the judgment in plaintiff’s favor was entered was also predicated upon evidence showing that the Belgika, the ship that carried the coal, sailed from Manila in time to arrive at Zamboanga on December 22, 1901, but that at the time of the arrival the quartermaster to whom the coal had been consigned was discharging coal from another vessel then in port by means of lighters, which were hauled out to that vessel by a rope passed from the dock; that another ship at the same time was lying on the beach undergoing repairs; that the force at the port was not available for unloading the cargo of the newly arrived vessel until January 2 of the new year; and that beginning on that day the force in the employ of the defendants began the work of unloading, which continued until the close of the day on January 10, 1902. Meantime, it also appeared to the court that the delay in beginning the work of unloading was unavoidable and that the working force at the port of delivery had become much exhausted by reason of the magnitude of the other work which they had to perform in and around the other vessels. From this statement it appears that the judgment in favor of plaintiff was made to rest entirely upon the theory that from the beginning of the effort to discharge the cargo the vessel should have been unloaded within four days and that for the excess time of five days taken to clear the vessel $200 per day was allowable because of the fault of the defendants for which compensation should be made, notwithstanding “ no demurrage ” was written in the bill of lading.
In reviewing the matter the court has reached the conclusion that the native laborers employed in discharging cargoes at the port of delivery and repairing the ship on the sands were in a state of exhaustion from steady and continuous work during the whole period of time actually taken to begin and complete the job of unloading plaintiff’s vessel, and negligence has not been sufficiently proven. The evi *475 clence seems to the court insufficient to establish the essential fact that there was unreasonable delay. The volume of disinterested evidence (and preponderating to such a degree as to carry conviction) establishes that the delay was beyond defendants’ control. Thus the court returns to the conclusion reached when the case was first heard.
Without the telegram adverted to in the original opinion it would have been the duty of the defendants not to cause unreasonable delay in unloading. That is to say, the local quartermaster could not arbitrarily have delayed the matter and subjected plaintiff to unnecessary expense had the means been at hand for doing the work more promptly.
In the English case of Burmester v. Hodgson, 2 Camp., 488, it was stated by Lord Mansfield that where no time was fixed by contract the law could only raise an implied promise to discharge a ship’s cargo in the usual and customary time for unloading. In that case it appeared that extraordinary circumstances caused by the overcrowding of the docks excused a consignee for a delay of 40 days beyond the customary time under ordinary circumstances. In the present matter the difficulty appears to be that the plaintiff has not shown by its proof that the same conditions which existed at the time of the arrival of the vessel carrying the coal did not continue to exist up to the tune the ship was actually cleared of its cargo, and therefore the express contract for no demur-rage charges should prevail.
The motion of defendants is sustained and the last judgment of the court is set aside.
Petition dismissed.